IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAURICE N. MAYO,**

    Plaintiff,

v.                                             Civil Action No. **3:08CV742**

**CHAPLAIN BRIGGS,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### I. Preliminary Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Analysis

On September 29, 2008, Plaintiff submitted an inmate request form asking for permission to attend Jumah (weekly prayer) services on October 3, 2008. On September 30, 2008, Defendant Briggs denied his request, explaining that only "'verifiable Muslim[s]'" were allowed

to attend Jumah. (Compl. Ex. 1.) Plaintiff had identified himself as a Christian upon arrival at Riverside Regional Jail. Plaintiff claims that Defendant Briggs has violated his First Amendment[1] right to free exercise of his religion. Plaintiff requests damages in the amount of $10,000, along with injunctions to "establish a policy with the jail of how they should not deprive inmates of their rights" and "establish a policy or procedure with the jail of how they should not deny inmates rights to a grievance." (Compl. 5.)

Prisoners retain First Amendment rights. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The First Amendment rights of prisoners can be limited, however, by regulations or practices that are reasonably related to a legitimate penological objective. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Additionally, "[t]o merit protection under the Free Exercise Clause of the First Amendment, a plaintiff's proffered belief must be sincerely held and the claim must be rooted in religious belief." *Mitchell v. Angelone*, 82 F. Supp. 2d 485, 490 (E.D. Va. 1999) (*citing Thomas v. Review Bd. of Ind. Empl. Sec. Div.*, 450 U.S. 707, 713-14 (1981); *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)). Plaintiff does not allege that he is in fact a Muslim, or that his sincerely held religious beliefs require that he attend Jumah services. *Harrison v. Watts*, --- F. Supp. 2d ----, No. 1:06cv1061, 2009 WL 873982, at *3 (E.D. Va. March 26, 2009). Additionally, Plaintiff has no constitutional right to use the prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

---

[1] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Date: 4-30-09
Richmond, Virginia

4