IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAURICE N. MAYO,**

    Plaintiff,

v.                                                                             Civil Action No. **3:08CV742**

**CHAPLAIN BRIGGS,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The Magistrate Judge made the following findings and recommendations:

### I. Preliminary Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur

R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Analysis

On September 29, 2008, Plaintiff submitted an inmate request form asking for permission to attend Jumah (weekly prayer) services on October 3, 2008. On September 30, 2008, Defendant Briggs denied his request, explaining that only "'verifiable Muslim[s]'" were allowed to attend Jumah. (Compl. Ex. 1.) Plaintiff had identified himself as a Christian upon arrival at Riverside Regional Jail. Plaintiff claims that Defendant Briggs has violated his First Amendment[1] right to free exercise of his religion. Plaintiff requests damages in the amount of $10,000, along with injunctions to "establish a policy with the jail of how they should not

---

[1] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I.

> deprive inmates of their rights" and "establish a policy or procedure with the jail of how they should not deny inmates rights to a grievance." (Compl. 5.)
>
> Prisoners retain First Amendment rights. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The First Amendment rights of prisoners can be limited, however, by regulations or practices that are reasonably related to a legitimate penological objective. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Additionally, "[t]o merit protection under the Free Exercise Clause of the First Amendment, a plaintiff's proffered belief must be sincerely held and the claim must be rooted in religious belief." *Mitchell v. Angelone*, 82 F. Supp. 2d 485, 490 (E.D. Va. 1999) (*citing Thomas v. Review Bd. of Ind. Empl. Sec. Div.*, 450 U.S. 707, 713-14 (1981); *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)). Plaintiff does not allege that he is in fact a Muslim, or that his sincerely held religious beliefs require that he attend Jumah services. *Harrison v. Watts*, --- F. Supp. 2d ----, No. 1:06cv1061, 2009 WL 873982, at *3 (E.D. Va. March 26, 2009). Additionally, Plaintiff has no constitutional right to use the prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

(April 30, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. More than ten (10) days have elapsed, and Plaintiff has filed no response.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any

3

portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: JUL 0 6 2009
Richmond, Virginia